## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| TODD E. NELSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. |
| v. | § | |
| | § | |
| WERNER ENTERPRISES, INC., and | § | |
| DOUGLAS BOMBERGER, | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |

---

## COMPLAINT

---

COMES NOW Todd E. Nelson (hereinafter "Mr. Nelson" or "Plaintiff"), and files his complaint, and shows unto the Court as follows:

## PARTIES

1. Mr. Nelson is a resident and citizen of the State of Florida.

2. Defendant, Werner Enterprises, Inc. (hereinafter "Werner Enterprises") is a motor carrier with its principal place of business located at 14507 Frontier Road, Omaha, Nebraska, 68138, and was transacting business in the State of Tennessee on the date at issue.

3. Defendant Werner Enterprises can be served, according to the Federal Motor Carrier Safety Administration, with a copy of the complaint and summons through its BOC-3 agent, Sharon Lees Fuel Tax Service, 1726 Carroll Road, Morristown, Tennessee 37813.

4. Defendant Werner Enterprises is a motor carrier registered with U.S. Department of Transportation under DOT number 53467 and Motor Carrier ("MC") number 138328.

5. Upon information and belief, Defendant Douglas Bomberger is a citizen of the State of Pennsylvania and can be served with a copy of the complaint and summons at 8 Crossan Court, Landenberg, Pennsylvania 19350.

## JURISDICTION & VENUE

6. Jurisdiction is proper to this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity amongst the parties and the value in controversy exceeds $75,000, exclusive of interests and costs.

7. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred within the judicial district.

## RELATIONSHIP & DUTIES OF THE PARTIES

8. Defendant Werner Enterprises is an interstate motor carrier based out of Nebraska.

9. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both Defendant Werner Enterprises and Defendant Douglas Bomberger were subject to and required to obey these regulations at the time of the wreck and at all relevant times prior to the wreck.

10. Defendant Werner Enterprises is the owner of the tractor operated by Defendant Douglas Bomberger at the time of the wreck.

11. The tractor-trailer had a gross vehicle weight rating (GVWR) of 26,001 or more pounds, making it a commercial motor vehicle.

12. At the time of the wreck, Defendant Douglas Bomberger was an employee and/or agent of Defendant Werner Enterprises.

2

13. At all times relevant hereto, Defendant Douglas Bomberger was a truck driver for Defendant Werner Enterprises and was acting within the scope and course of the business of Defendant Werner Enterprises.

14. At all times relevant hereto, Defendant Werner Enterprises was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, negligent entrustment, negligent hiring of an independent contractor, or similar theory of law.

15. At all times relevant hereto, Defendants were acting in a joint enterprise.

16. Defendant Werner Enterprises was a for-hire motor carrier transporting property in interstate commerce on the day of the wreck.

17. Defendant Werner Enterprises had a duty to maintain the tractor-trailer to ensure the safety of citizens on the roads, interstates and highways.

18. Defendant Werner Enterprises had a duty to properly hire qualified tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

19. Defendant Werner Enterprises had a duty to properly train its tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

20. Defendant Douglas Bomberger had a duty to inspect the tractor-trailer before driving it to ensure the safety of citizens on the roads, interstates and highways.

21. Defendant Douglas Bomberger had a duty to give full attention to the traffic and vehicles around him to ensure the safety of citizens on the roads, interstates and highways.

22. Defendant Douglas Bomberger had a duty to operate the tractor-trailer with the same care as other similarly situated tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

3

## STATEMENT OF FACTS

23. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

24. On October 7, 2021 at approximately 3:16 a.m. Defendant Douglas Bomberger was operating a tractor-trailer owned by Defendant Werner Enterprises in Dandridge, Jefferson County, Tennessee.

25. Defendant Douglas Bomberger was transporting property in interstate commerce for Defendant Werner Enterprises.

26. Defendant Douglas Bomberger was parked at the Pilot Travel Center.

27. Defendant Douglas Bomberger conducted the pre-trip inspection of the tractor-trailer and observed one or more tractor-trailers that were parked adjacent to his tractor-trailer.

28. As he departed his parking spot, Defendant Douglas Bomberger failed to ensure there was a safe distance around his tractor-trailer.

29. As he drove away from his parking spot, Defendant Douglas Bomberger collided with, and sideswiped, the right side of a tractor-trailer occupied by Mr. Nelson, who was asleep in the sleeper birth.

30. The wreck threw the asleep and unsuspecting Mr. Nelson out of the sleeper birth where he impacted the interior of his tractor cab.

31. The collision caused disabling damage to the tractor-trailer occupied by Mr. Nelson.

32. According to the Crash Report authored by a police officer with the Dandridge, Tennessee Police Department, the tractor-trailer occupied by Mr. Nelson "sustained heavy damage to the right side of the truck and was disabled."

4

33. The collision also caused damage to the Werner tractor-trailer operated by Werner's driver, Defendant Bomberger.

34. Werner's driver sensed and detected the collision.

35. Werner's driver was aware he collided with another vehicle.

36. The collision was caused by the actions and inactions of the Werner

37. Werner's driver failed to immediately stop his tractor-trailer and remain at the scene of the collision as required by law.

38. Werner's driver failed to check on Mr. Nelson.

39. Werner's driver failed to contact the police to report the collision.

40. Instead, 34. Werner's driver intentionally fled the scene, which is indicative of one or more of the following:

- Werner's driver Bomberger was intoxicated or in possession of alcohol or controlled substances;

- Werner's driver was not qualified to operate the tractor-trailer;

- Werner's driver had exceeded his maximum hours-of-service ("HOS"); and/or

- The tractor-trailer operated by Werner's driver had one or more maintenance-related issues that would have resulted in the tractor-trailer being placed out-of-service ("OOS").

41. Werner's driver failed to give full attention to the parking area, endangering the safety of Mr. Nelson and other motorists.

42. Werner's driver failed to exercise the due care a licensed commercial motor vehicle driver would use in the operation of the tractor-trailer.

5

43. Werner's driver operated the tractor-trailer in a negligent, careless, reckless, and dangerous manner.

44. Even after feeling the impact and subsequently observing the damage to the tractor-trailer he was operating, Werner's driver failed to contact the police to report his involvement in the collision.

45. Even after learning of the damage to its tractor-trailer, or Defendant Douglas Bomberger's involvement in a collision, Defendant Werner Enterprises failed to contact the police to report that its' truck and driver were involved in a collision.

46. As a result of Werner's driver's fleeing the scene, the police were not able to interview him the morning of the collision and determine whether he was fit and qualified to operate a commercial motor vehicle.

47. As a result of Werner's driver's fleeing the scene, the police were not able to inspect the tractor-trailer to determine whether it was in safe operating condition.

48. Mr. Nelson is a member of the public.

49. No act of Mr. Nelson was a cause of the wreck.

50. No failure to act by Mr. Nelson was a cause of the wreck.

51. Mr. Nelson bears zero percent (0%) fault for the wreck.

52. Mr. Nelson was seriously injured as a result of the wreck.

## COUNT I
## NEGLIGENCE OF WERNER ENTERPRISES
## NEGLIGENT HIRING, TRAINING, ENTRUSTMENT,
## SUPERVISION, RETENTION, AND MAINTENANCE

53. All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

6

54. Regardless of the employment relationship, Defendant Werner Enterprises is the registered owner of DOT number 53467 and MC number 138328, displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that commercial motor vehicle.

55. At all times relevant to this cause of action, Defendants Werner Enterprises and Douglas Bomberger were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations ("FMCSR") (49 CFR §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.08 and pursuant to T.C.A. §§ 65-15-101, 65-15-102 and 65-15-111.

56. The FMCSR was enacted to prevent crashes involving members of the public, such as Mr. Nelson.

57. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

    a. Part 383   Commercial Driver's License Standards

    b. Part 390   General

    c. Part 391   Qualifications of Drivers

    d. Part 392   Driving of Commercial Motor Vehicles

    e. Part 393   Parts and Accessories Necessary for Safe Operation

    f. Part 395   Hours of Service

    g. Part 396   Inspections, Repairs, and Maintenance

58. Defendant Werner Enterprises was required to teach and train Defendant Douglas Bomberger to understand and obey the rules and regulations contained in the FMCSR.

59. Defendant Werner Enterprises was negligent, and grossly negligent, in:

    a. failing to properly maintain the tractor-trailer involved in the collision;

7

b. failing to properly inspect the tractor-trailer involved in the collision;

c. hiring and/or contracting with Defendant Douglas Bomberger to drive the tractor-trailer at issue;

d. failing to train Defendant Douglas Bomberger on the provisions of the FMCSR and Commercial Driver's Manual;

e. failing to train Defendant Douglas Bomberger to properly drive the tractor-trailer;

f. failing to train Defendant Douglas Bomberger to properly inspect the tractor-trailer;

g. failing to train Defendant Douglas Bomberger to properly maintain the tractor-trailer;

h. entrusting Defendant Douglas Bomberger with the tractor-trailer;

i. failing to supervise Defendant Douglas Bomberger while driving the tractor-trailer;

j. retaining Defendant Douglas Bomberger to drive the tractor-trailer;

k. failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Douglas Bomberger; and

l. failing to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

60. Defendant Werner Enterprises had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe and negligently failed to do so.

61. Defendant Werner Enterprises, through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this Complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

a. the risks associated with failing to properly maintain its tractor-trailer;

b. the risk associated with failing to properly inspect its tractor-trailer;

8

c.  the risks associated with failing to properly repair its tractor-trailer;

d.  the risks associated with unsafe and unqualified drivers;

e.  the risks associated with failing to train drivers to obey the FMCSR;

f.  the risks associated with failing to train drivers to follow minimum driving standards for commercial drivers;

g.  the risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers;

h.  the risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers;

i.  failing to ensure its routes could be driven within hours-of-service;

j.  requiring drivers to meet unrealistic driving goals which Defendant Werner Enterprises knew, had reason to know, or should have known would cause its drivers to violate the hours-of-service regulations;

k.  failing to have policies and procedures in place to identify undertrained and unqualified drivers;

l.  failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Douglas Bomberger once he was hired; and

m.  failing to use the composite knowledge reasonably available to Defendant Werner Enterprises to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

62. The negligence of Werner Enterprises was a proximate cause of the injuries sustained by Plaintiff.

63. As a result of Defendant Werner Enterprises' actions and inactions, the Plaintiff suffered serious injuries affecting his activities of normal daily living.

64. The negligence, and gross negligence, of Defendant Werner Enterprises individually, or combined and concurring with the negligence of Defendant Douglas Bomberger, was a legal and

9

proximate cause of the damages to the Plaintiff, for which he is entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

65. The injuries suffered by the Plaintiff are the type that are foreseeable consequences of a negligent act.

**COUNT II**
**NEGLIGENCE OF DOUGLAS BOMBERGER**

66. All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

67. At the time of the wreck, Defendant Douglas Bomberger failed to exercise due care by failing to drive the tractor-trailer at a safe speed, failing to maintain a safe lookout, failing to keep the tractor-trailer under proper control, failing to devote full time and attention to operating the tractor-trailer, and operating the tractor-trailer in such a manner that resulted in a collision with Mr. Nelson.

68. The tractor-trailer driven by Defendant Douglas Bomberger was driven with the permission, and at the direction of, Defendant Werner Enterprises.

69. Upon information and belief, the tractor-trailer driven by Defendant Douglas Bomberger was driven in the course and scope of his employment with the business of Defendant Werner Enterprises.

70. Regardless of the employment relationship, Defendant Werner Enterprises is the registered owner of DOT number 53467 and MC number 138328 displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

71. At the time and place of this wreck, Defendant Douglas Bomberger was generally negligent under the circumstances then and there existing in that he:

      a.   failed to keep a proper lookout;

10

b.  failed to keep his vehicle under control;

c.  failed to maintain a safe distance around his vehicle;

d.  failed to ensure that he could safely depart and navigate the parking area;

e.  failed to operate the tractor-trailer at a safe and prudent speed in view of the conditions which existed in the parking area at the time of the wreck;

f.  failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed in the parking area at the time of the wreck;

g.  drove in a careless manner;

h.  drove in a reckless manner;

i.  failed to operate his vehicle in a manner considerate of the safety and lives of other persons lawfully in the parking area or on the roadway;

j.  failed to inspect his vehicle in a manner considerate of the safety and lives of the others persons lawfully in the parking area or on the roadway; and

k.  such other actions or inactions that may be shown at a hearing of this cause.

72. Defendant Douglas Bomberger's negligence was a direct and proximate cause of the collision with the Plaintiff.

73. Defendant Douglas Bomberger's negligence was a direct and proximate cause of the injuries suffered by the Plaintiff.

74. As a result of Defendant Douglas Bomberger's actions and inactions, the Plaintiff suffered serious injuries affecting his activities of normal daily living.

75. The negligence, and gross negligence, of Defendant Douglas Bomberger individually, or combined and concurring with the negligence of Defendant Werner Enterprises, was a legal and proximate cause of the damages to the Plaintiff, for which he is entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

76. The injuries suffered by the Plaintiff are the type that are foreseeable consequences of a negligent act.

**COUNT III**
**NEGLIGENCE *PER SE***

77. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

78. At the time and place of this wreck, Defendant Douglas Bomberger was negligent *per se* in that he violated one or more of the statutes of the State of Tennessee to include, but not be limited to:

| | | |
|---|---|---|
| a. | T.C.A. § 55-8-103 | Required Obedience to Traffic Laws; |
| b. | T.C.A. § 55-8-136(b) | Failure to Exercise Due Care; |
| c. | T.C.A. § 55-10-101 | Leaving Scene of Accident (Injury); |
| d. | T.C.A. § 55-10-102 | Leaving Scene of Accident (Property); |
| e. | T.C.A. § 55-10-103 | Fail to Give Information / Render Aid; |
| f. | T.C.A. § 55-10-106 | Fail to Give Notice of Accident; |
| g. | T.C.A. § 55-10-107 | Fail to Make Written Report of Accident; and |
| h. | T.C.A. § 55-10-205 | Reckless Driving. |

79. Defendant Douglas Bomberger was subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.08 and pursuant to T.C.A. §§ 65-15-101, 65-15-102 and 65-15-111, at the time and date of the wreck.

80. Defendant Douglas Bomberger will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

12

a. Part 383    Commercial Driver's License Standards

b. Part 390    General

c. Part 391    Qualifications of Drivers

d. Part 392    Driving of Commercial Motor Vehicles

e. Part 393    Parts and Accessories Necessary for Safe Operation

f. Part 395    Hours of Service

g. Part 396    Inspections, Repairs, and Maintenance

81. The negligence, and gross negligence, of Defendant Douglas Bomberger individually, or combined and concurring with the negligence of Defendant Werner Enterprises, was a legal and proximate cause of the damages to the Plaintiff, for which he is entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

82. The injuries suffered by the Plaintiff are the type that are foreseeable consequences of a negligent act.

## COUNT IV
### *RESPONDEAT SUPERIOR*

83. All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

84. At all times relevant hereto, Defendant Werner Enterprises was acting by and through its employees/agents, among them Defendant Douglas Bomberger, and are responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, or similar theory of law.

## COUNT V
### DAMAGES

85. All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

13

86. As a direct and proximate result of the Defendants' negligence, the Plaintiff was made to suffer economic and non-economic damages of a type for which the law allows him to seek restitution from Defendants.

87. The damages suffered by the Plaintiff fall within the foreseeable range of harms that result from Defendants' negligence.

88. As set forth more fully in the facts hereinabove, each of the Defendants acted in a willful, wanton and reckless manner which either alone, or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the collision and Plaintiff's injuries.

89. Defendants knowingly, intentionally, recklessly, and/or willfully disregarded the Federal Motor Carrier Safety Regulations and fled the scene.

90. Defendants' conduct constituted a conscious disregard for the life and safety of the Plaintiff, and for the lives and safety of the motoring public generally, and these Defendants are therefore liable for exemplary or punitive damages.

**WHEREFORE,** Plaintiffs pray that the following relief be granted:

a.  A trial by jury;

b.  For Summons and Complaint to issue against Defendants;

c.  For judgment against the Defendants, to compensate Plaintiff for his past, present, and future economic and non-economic damages;

d.  For judgment against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, as restitution for Plaintiff's past, present, and future economic and non-economic damages;

e.  For an award of punitive damages against the Defendants in an amount the jury believes

to be just, fair and equitable, given the facts and after hearing the issues in this case;

f.  For Court costs and discretionary costs; and

g.  For all such further and general relief which this Court deems just and proper.


Respectfully submitted,

**TRUCK WRECK JUSTICE, PLLC**


BY:   _/s/ Morgan G. Adams_

**MORGAN G. ADAMS, BPR # 013693**
**DANNY R. ELLIS, BPR #020747**
TRUCK WRECK JUSTICE, PLLC
1419 Market Street
Chattanooga, Tennessee   37402
Telephone:    (423) 265-2020
Facsimile:    (423) 265-2025

*Attorneys for Plaintiff*

15